# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA AARON KERSHAW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:11-cv-00763-LJO-SKO PC<br><br>FIRST SCREENING ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS DUTRA, BROCKMEYER, AND LEE<br><br>(Doc. 7)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.　Screening Requirement and Standard**

　　Plaintiff Joshua Aaron Kershaw, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 11, 2011. On July 20, 2011, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted). While a plaintiff's allegations are taken as true, courts are not required to indulge unwarranted inferences. Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Eighth Amendment Claim

### A.     Allegations

Plaintiff is incarcerated at Pleasant Valley State Prison (PVSP) and he brings this action against Secretary Matthew Cate, Warden James Yates, Acting Warden R. H. Trimble, Associate Warden Jonathan Buckley, Lieutenants Bennett and Greene, Sergeants Hosman and Wilson, and Correctional Officers Dutra, Brockmeyer, and Lee for violating his rights under the Eighth Amendment of the United States Constitution.

Plaintiff is a fair-complected inmate who burns quickly and easily in the sun. At his prior prison, he was provided with SPF 30 sunblock, but he was denied sunblock at PVSP and he was unable to purchase it for himself due to his indigency. In 2009, PVSP instituted a policy requiring inmates to wait outside the medical/dental clinic for their appointments, despite the availability of a large holding cell inside the clinic. The waiting area was unsheltered from the elements and inmates had to either wait outside or "refuse" their medical or dental appointments and return to their

cells.[1]

Plaintiff injured his knee on May 30, 2010, and his leg was placed in a cast. On five subsequent occasions identified in the complaint, Plaintiff was summoned to the medical clinic for appointments and forced to wait outside in the direct sun for between 3 and 5 hours. Each time, he sustained sunburns.

On July 9, 2010, Plaintiff waited outside from 9:00 a.m. to 1:30 p.m. and he sustained a sunburn which turned his head, neck, and shoulders deep red. The burned areas were painful to touch and peeled afterward. At 11:45 a.m., Plaintiff went to the clinic and asked Defendant Dutra if he could wait in the vacant holding cell inside the clinic. Plaintiff complained he was starting to turn red from sunburn and his injured leg was throbbing. Defendant Dutra laughed, said no, and told Plaintiff he could refuse his appointment and go back to his building. Plaintiff then complained to Defendant Brockmeyer, who told him to go back outside and wait or she would send him back to his unit and call for him at 2:00 p.m., when he could really feel the heat standing outside. Plaintiff went back outside, where he remained until 1:30 p.m.

On August 9, 2010, at 11:30 a.m., Plaintiff was summoned for a nurse's appointment. At around 1:30 p.m., Plaintiff went to the clinic and asked Defendant Dutra if he could wait indoors because his leg was injured, his skin was sensitive to the sun, and he was unable to afford sunblock. Defendant Dutra denied his request and told him he could refuse his appointment and go back to his building if he did not want to stand outside. Plaintiff was called for his appointment around 2:30 and he sustained another deep red, painful sunburn to his head, neck, and shoulders, which hurt to the touch and later peeled. Plaintiff's leg also throbbed with pain. Plaintiff was seen by a nurse on August 10, 2010, who issued Plaintiff a triple antibiotic cream for his sunburn.

On September 8, 2010, Plaintiff was called to the clinic at 11:30 a.m. for a doctor's appointment. At around 12:45 p.m., Plaintiff went to the clinic and asked Defendant Dutra if he could wait in the vacant indoor holding cell because his skin was sensitive to the sun and he could not afford sunblock. Defendant Dutra waved his hands in the air and walked back inside the clinic,

---

[1] PVSP is in the Central Valley of California, where summers are hot.

shutting the door in Plaintiff's face.

Plaintiff went back to the clinic at 2:45 p.m. and asked Defendant Lee if he could wait inside for his appointment, explaining that he had been waiting for more than 3 hours and he was being sunburned while other inmates who arrived after him were being called inside for their appointments. Defendant Lee responded, "Yep," and shut the door in Plaintiff's face. Plaintiff was finally called for his appointment around 3:15 p.m. and he again sustained a deep red, painful sunburn which peeled afterward.

On October 28, 2010, Plaintiff was called to the medical clinic and made to wait outside by Defendant Dutra from 10:30 a.m. to 3:15 p.m. Plaintiff was again sunburned.

On March 14, 2011, Plaintiff was summoned to the clinic for a nurse's appointment and made to wait outside for more than 2 ½ hours by Defendant Dutra, causing him to sustain a sunburn.

Finally, on May 25, 2011, Plaintiff was called to the clinic for a dental appointment. Defendant Dutra made Plaintiff wait outside in the sun for more than 4 hours, and Plaintiff sustained a sunburn to his head, hands, and wrists.

On numerous occasions, Plaintiff was seen by medical staff for his sunburns and several times, nurses told him to avoid prolonged exposure to the sun. Plaintiff filed two inmate appeals grieving the conduct of Defendants Dutra, Brockmeyer, and Lee, but his appeals were denied at all levels of review.

**B.     Discussion**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002) (citing Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986)) (quotation marks omitted). Among unnecessary and wanton inflictions of pain are those that are totally without penological justification. Hope, 536 U.S. at 737 (citing Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392 (1981)) (quotation marks omitted). For claims involving prison conditions, the inquiry is whether prison officials acted with deliberate indifference to inmates' health or safety. Id. at 737-38 (citing Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992)) (quotation marks omitted). The requisite subjective state of mind may be inferred from the fact that the risk of harm is obvious, and punitive

4

treatment which amounts to gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment. Id. at 738 (citing Farmer v. Brennan, 511 U.S. 825, 842, 114 S.Ct. 1970 (1994)) (quotation marks omitted).

The policy requiring inmates to report to the "Par course" and wait outside for their medical and dental appointments does not, in and of itself, violate the Eighth Amendment. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) ("[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation.) (Amend. Comp., Ex. 1, court record p. 18.) Therefore, Plaintiff fails to state a claim against Defendants Bennett and Greene based on their implementation of the policy. (Id.)

However, repeatedly requiring Plaintiff, an inmate sensitive to sunlight, to wait outside for medical appointments in the direct sun for hours at a time, leading him to sustain sunburns serious enough to turn deep red, cause pain, and peel, and refusing to allow him to wait indoors in the empty holding cell supports a claim based on the unnecessary and wanton infliction of pain without any penological justification. Hope, 536 U.S. at 737-38. Accordingly, the Court finds that Plaintiff states a viable claim for relief under the Eighth Amendment against Defendants Dutra, Brockmeyer, and Lee, who were directly responsible for subjecting Plaintiff to the conditions at issue. Id. at 738.

Finally, Plaintiff also seeks to impose liability under the Eighth Amendment on the individuals who reviewed and denied his inmate appeals grieving the actions of Defendants Dutra, Brockmeyer, and Lee. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). Nevertheless, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Those circumstances have not been presented here, however.

The mere possibility of misconduct insufficient to support a claim, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969, and there is inadequate factual support for a claim that in denying his inmate appeals, the precise contents of which are not pled, Defendants Hosman,

5

Buckley, Trimble, Yates, and Wilson knew of and disregarded a substantial risk of harm to Plaintiff, Farmer, 511 U.S. at 837. Plaintiff's claim against Defendant Cate is even further attenuated in that Plaintiff concedes Defendant Cate did not personally deny his appeal at the Director's Level of review. A decision by Defendant Cate's designee provides no basis for liability against Cate, as section 1983 does not permit *respondeat superior* liability. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

### III.  Conclusion and Order

Plaintiff's amended complaint states a cognizable Eighth Amendment claim against Defendants Dutra, Brockmeyer, and Lee. However, Plaintiff has not stated a cognizable claim against Defendants Bennett, Greene, Hosman, Buckley, Trimble, Yates, Wilson, and Cate.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and therefore, the Court will grant Plaintiff leave to amend to cure those deficiencies which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

If Plaintiff does not wish to file a second amended complaint and he is agreeable to proceeding only against Defendants Dutra, Brockmeyer, and Lee, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim. The other defendants will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendants Dutra, Brockmeyer, and Lee.

If Plaintiff files a second amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly,

550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File a second amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file a second amended complaint and he is willing to proceed only against Defendants Dutra, Brockmeyer, and Lee on the claim found to be cognizable; and

3. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   March 27, 2012**               /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

7