# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA AARON KERSHAW, | CASE NO. 1:11-cv-00763-LJO-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE |
| v. | (Docs. 11 and 12) |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff Joshua Aaron Kershaw, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 11, 2011. On May 14, 2012, the Court issued an order authorizing service of Plaintiff's amended complaint, and requiring Plaintiff to fill out and return the USM-285 forms and summonses within thirty days. (Doc. 11.) On July 13, 2012, after more than thirty days passed and Plaintiff failed to comply with or otherwise responded to the order, the Court ordered him to show cause why this action should not be dismissed for failure to prosecute, and warned him that the failure to file a response to the order would result in dismissal of the action. (Doc. 12.) More than thirty days have passed and Plaintiff has not responded to the order to show cause.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

1

1  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability
2  of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
3  1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court
4  in deciding what to do, and are not conditions that must be met in order for a court to take action.
5  Id. (citation omitted).

6  Based on Plaintiff's failure to comply with or otherwise respond to these particular court
7  orders, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This
8  action, which has been pending since 2011, can proceed no further without Plaintiff's cooperation
9  and compliance with the orders at issue, and the action cannot simply remain idle on the Court's
10 docket, unprosecuted. Id. Accordingly, this action is HEREBY DISMISSED for failure to
11 prosecute, without prejudice.

13 **IT IS SO ORDERED.**
14 **Dated:    September 10, 2012**          /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE